UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23531-KMM

RIONDA PORRO,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,[1]

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Parties' Cross Motions for Summary Judgment. (ECF Nos. 18, 19). Plaintiff Rionda Porro filed a motion for summary judgment on April 14, 2021 ("Pl.'s Mot.") (ECF No. 18) and Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, filed a motion for summary judgment on May 14, 2021 ("Def.'s Mot.") (ECF No. 19). Plaintiff filed a reply to Defendant's Motion on May 28, 2022 ("Pl.'s Reply") (ECF No. 21). The above-captioned cause was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, "for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." (ECF No. 2).

Pursuant to the Court's referral, Magistrate Judge Becerra issued a Report and Recommendation ("R&R") on February 18, 2022 recommending that Plaintiff's Motion be denied

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Andrew Saul as the Defendant. No further action need be taken to continue this suit consistent with the Social Security Act. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

and Defendant's Motion be granted. (ECF No. 22). Plaintiff filed an objection to the R&R on March 4, 2022 ("Obj.") (ECF No. 23). Defendant did not file a response and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

I.  **BACKGROUND**

This case arises from an Administrative Law Judge's ("ALJ") denial of Plaintiff's applications for supplemental security income and social security disability benefits. R&R at 2–3. The administrative record of Plaintiff's applications and their agency adjudication has been filed on the docket. ("Administrative Record") (ECF No. 17).[2] In the R&R, Magistrate Judge Becerra sets forth the following relevant background information:

> On October 22, 2018, Plaintiff filed a Title XVI application for supplemental security income benefits, and on December 12, 2018, filed a Title II application for social security disability benefits. R. at 377–81. Plaintiff filed both applications, alleging a disability onset date of February 19, 2018. *Id.* at 377. Plaintiff was born on November 19, 1968 and was forty-nine years old at the time her applications were filed. *Id.* at 38, 377. The Social Security Administration ("SSA") initially denied Plaintiff's claims on December 7, 2018 and denied them again upon reconsideration on February 27, 2019. *Id.* at 253, 258, 268, 276. Thereafter, Plaintiff requested a hearing which was held on January 10, 2020, in Miami, Florida. *Id.* at 46, 286. A vocational expert, Ms. Jeannie Diehl ("Ms. Diehl" or the "VE"), testified at the hearing. *Id.* at 72. On January 30, 2020, the ALJ denied Plaintiff's applications. *Id.* at 39. Thereafter, Plaintiff requested a review of the ALJ's decision. *See id.* at 7. On June 25, 2020, Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council. *Id.* at 7–10. Having exhausted all available administrative remedies, and pursuant to 42 U.S.C. § 405(g), Plaintiff filed the instant action.

R&R at 2.

An ALJ must follow a "five-step sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1); *see Frame v. Comm'r, Soc. Sec.*

---

[2] References to "R." are to pages of the transcript of the Administrative Record.

*Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). The R&R describes the five-step procedure at length, and it does not bear repeating here. R&R at 6–8.

In her motion for summary judgment, Plaintiff argues that (1) the ALJ failed to adequately review the medical evidence on the record, (2) the ALJ's decision is not supported by substantial evidence, (3) and the ALJ improperly classified Plaintiff's former job as a housekeeper "past relevant work." *See generally* Pl.'s Mot. Defendant responds that (1) the ALJ properly considered and weighed the medical opinions on the record and (2) the ALJ correctly evaluated Plaintiff's past relevant work as a housekeeper. *See generally* Def.'s Mot.

In the R&R, Magistrate Judge Becerra recommends that Plaintiff's Motion be denied and Defendant's Motion be granted. R&R at 29. Now, Plaintiff has filed an Objection to Magistrate Judge Becerra's recommendation. *See generally* Obj. The Court discusses Magistrate Judge Becerra's R&R and Plaintiff's Objection, below.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1

3

(S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see Lopez v. Berryhill*, No. 1:17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge must "evaluate portions of the R & R not objected to under a clearly erroneous standard of review.").

**III.   DISCUSSION**

    **A.   Magistrate Judge Becerra's Recommendation.**

As set forth in the R&R, Magistrate Judge Becerra finds that (1) the ALJ properly evaluated the medical evidence, (2) the ALJ's residual functional capacity decision is supported by substantial evidence, and (3) the ALJ properly considered Plaintiff's housekeeping job to be "past relevant work." R&R at 9–29.

Magistrate Judge Becerra first addresses Plaintiff's argument that the ALJ improperly discounted the medical opinions of Plaintiff's doctors. *Id.* at 11–25. As a threshold matter, Magistrate Judge Becerra concludes that 2017 Social Security Administration ("SSA") regulations related to the evaluations of medical opinions apply to Plaintiff's case. *Id.* at 13–14. Magistrate Judge Becerra notes that the SSA "Commissioner is 'not required to articulate how [he] considered

4

each medical opinion or prior administrative medical finding from one medical source individually.'" *Id.* at 13 (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). Then, Magistrate Judge Becerra finds that the ALJ properly evaluated the medical opinions of Dr. Juan Ortiz and Dr. John Cosby as to the critical factors of supportability and consistency. *Id.* at 15–25. Accordingly, Magistrate Judge Becerra finds that the ALJ's determination that Plaintiff can perform medium work is supported by substantial evidence. *See id.* at 25. Finally, Magistrate Judge Becerra finds the ALJ properly classified Plaintiff's prior housekeeping work as "past relevant work" pursuant to 20 C.F.R. § 404.1560(b)(1). *Id.* at 26–29.

  **B. Plaintiff's Objection.**

  Plaintiff objects only to Magistrate Judge Becerra's finding that the ALJ properly evaluated the medical evidence with respect to the medical opinion of Dr. Ortiz. *See generally* Obj. For the reasons discussed below, the Court finds that Plaintiff's Objection is without merit.

  In her Objection to the R&R, Plaintiff claims the ALJ did not properly evaluate the medical opinion of Dr. Ortiz because the ALJ's decision fails to discuss Dr. Ortiz's treatment records in sufficient detail. *See generally* Obj. Plaintiff contends that Magistrate Judge Becerra fails to recognize that the ALJ decision "ignore[s] the medical records from a treating psychiatrist, one who has treated the claimant for a period of 10 years and instead only discuss[es] primary care nurse practitioner records." Obj. at 1. Plaintiff argues that the R&R does not adequately address the ALJ decision's purported failure to discuss certain treatment notes provided by Dr. Ortiz. *Id.* at 3–4.

  The Court considers Plaintiff's Objection improper. Plaintiff repeats essentially the same arguments regarding the ALJ's treatment of Dr. Ortiz's medical opinion that she raised in her earlier Motion and Reply. *See* Pl.'s Mot. at 17–24; Pl.'s Reply at 3–9. Magistrate Judge Becerra

5

thoroughly considered and rejected those arguments in the R&R. *See* R&R at 11–21. As noted above, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge. *See Melillo*, 2018 WL 4258355, at *1; *Marlite*, 2012 WL 3614212, at *2. Plaintiff's Objection does just that. Therefore, the Court reviews Magistrate Judge Becerra's R&R as it relates to Dr. Ortiz's medical opinion for clear error.

The Court finds no clear error in Magistrate Judge Becerra's conclusion that the ALJ properly evaluated the medical evidence offered by Dr. Ortiz. The R&R describes at length the ALJ's findings as to the supportability and consistency of Dr. Ortiz's medical opinion regarding Plaintiff's condition. R&R at 17–21. Magistrate Judge Becerra finds "Plaintiff's argument that the ALJ 'never looks to or mentions the contemporaneous treatment notes of Dr. Ortiz' unpersuasive." *Id.* at 18 (quoting Plaintiff's Mot. at 23). As Magistrate Judge Becerra correctly notes in the R&R, the ALJ is not required to specifically refer to each piece of medical evidence in his decision so long as the ALJ's decision is sufficiently detailed for a court to determine that the ALJ evaluated the claimant's medical condition. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 601–02 (11th Cir. 2017); *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 968 (11th Cir. 2015). Magistrate Judge Becerra finds that the ALJ adequately articulated that Dr. Ortiz's opinions were "at variance with the evidence of record in material respects." *Id.* at 17–18 (quoting R. at 36). Magistrate Judge Becerra ultimately concludes that the ALJ's evaluation of the medical opinion of Dr. Ortiz is supported by substantial evidence. *Id.* at 20–21. The Court agrees.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's R&R (ECF No. 22) is ADOPTED, Plaintiff's Motion for Summary

Judgment (ECF No. 18) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. This case is DISMISSED WITH PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this  18th  day of March, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record